IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARNECIA SANTIAGO
and ARNECIA SANTIAGO as parent and
natural guardian of S. H., an infant,

Plaintiff

v.

UNITED STATES OF AMERICA,

Defendant.
_____/

Case No:

2:18-CV-378-Ftm-29cm

## COMPLAINT

COMES NOW the Plaintiff, Arnecia Santiago, parent and natural guardian of S.H., by and through her undersigned attorney and alleges as follows:

## JURISDICTION

1. Plaintiff, Arnecia Santiago, is a resident of Collier County, Florida.

2. Defendant is within the jurisdiction of the Middle District of Florida.

3. Venue is proper because all acts and omissions forming the basis of these claims occurred within the Middle District of Florida.

4. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 and 28 U.S.C. §1346(b)(1), for monetary damages and other relief as compensation for loss of consortium and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of Florida.

5. Plaintiff has complied with the provisions of 28 U.S.C. §2675 of the FTCA in that the appropriate federal agency has failed to make a final disposition of this claim within six months after the claim was filed.

6. Plaintiff has properly exhausted her administrative remedies defined under the FTCA.

7. The Plaintiff prematurely filed a lawsuit in Case No: 2:17-CV-621-FtM-29 MRM as the federal agency was reconsidering the disposition.

8. Under Florida law, the tolling of the statute of limitations in a medical malpractice pre-suit investigation period tolls the statute of limitations for all potential defendants.

9. Moreover, the Plaintiffs in this action filed a 90-day extension pursuant to Florida Statute 766.104(1). Attached as exhibit "A" is a copy of the extension. Additionally, the Plaintiffs initiated a lawsuit for this claim in state court within the statute of limitations, here under case no: 16-CA-3554 in Lee County Circuit Court, whereby Lee Memorial Health Systems fully participated. A copy of the lawsuit and related responses is attached hereto as exhibit "B".

10. The United States was a potential Defendant at the time the statute of limitations was tolled.

11. The statute of limitations was tolled in this case on or before December 30, 2014, because another Defendant was served with notice of this claim and Lee Memorial Health Systems was sued in state court.

12. Plaintiff then served notice to the United States of America on its agent at the medical facility and at the appropriate agency. A copy of the certified receipts is attached as exhibit "C".

13. Furthermore, equitable tolling should apply because the facts of these claims meet the *Wong* two-prong test, in that the plaintiff has pursued her rights diligently, and extraordinary circumstances apply.

14. The plaintiff diligently pursued her claims by serving timely notice on the medical professionals, including Lee Memorial Health System, who were listed on her records.

15. Extraordinary circumstances apply because the medical records list only Lee Memorial Health System and its employees: Nothing on the medical records indicates that the Defendant is the United States of America or federal agencies, leaving Plaintiff unable to decipher the correct party to sue.

16. Moreover, Lee Memorial Health System is a public health care system, created by special act of the Florida Legislature, Chapter 63-1552, Laws of Florida, Special Acts, 1963, as re-codified by Chapter 2000-439, Laws of Florida, Special Acts, 2000. Lee Memorial Health Systems and its employees are entitled to the provisions of the Florida Waiver of Sovereign Immunity Act, Section 768.28 Fla. Stat., and the limitations of liability contained therein. Consequently, all employees of Lee Memorial Health System are entitled to the same sovereign immunity. More specifically, section 768.28(9)(a), Florida Statute, states as follows:

    ***No officer, employee or agent shall be personally liable in tort as a party defendant in any action for an injury or damage suffered as a result of any act, event, or omission in the scope of her or his employment or function...***

17. The initial party sued in state court by the Plaintiff was Lee Memorial Health System, which actively participated in the litigation, leading the Plaintiff to believe that no further inquiry into the identity of the Defendant was required, as the employees of Lee

Memorial Health System were insulated from liability by the sovereign immunity described in number 16.

18. Moreover, the medical records, which are the basis for any initial malpractice claim, clearly state Lee Memorial Health System, which is a mischaracterization of the institution. Attached as exhibit "D" is a copy of the discharge summary for this patient (Infant).

19. Furthermore, any delay in serving the notice was a misnomer because the United States of America had actual notice of this claim, as indicted by its response to the claim on November 16, 2016. Attached as composite exhibit "E" is a copy of the letter from Family Health Centers of Southwest Florida Inc., which, additionally, is a Florida Corporation, not a Federal Entity. See exhibit "E."

20. Plaintiff was unaware of the permanent injury to her baby until January 1, 2015, when the mother was given her discharge instructions. See exhibit "D."

21. As the statute of limitations begins to run on the date the condition was or should have been discovered, the statute expired on January 3, 2017, and not at the time of birth on December 30, 2014.

22. The United States has made a final denial on the claim as defined under 28 U.S.C. §2675(a).

### FACTUAL ALLEGATIONS

23. Plaintiff, Arnecia Santiago, presented to what was purported to be Lee Memorial Health System in need of obstetrical care.

24. The treating professionals were not purported to be employees of United States of America.

25. Dr. Jeffrey Garner rendered care and treatment to Plaintiff Arnecia Santiago during her pregnancy as her gynecologist.

26. When it was time to deliver her baby, Plaintiff Arnecia Santiago presented to what was purported to be Lee Memorial Health System.

27. Midwives at the facility, under the legal supervision of Dr. Garner, oversaw the delivery.

28. On December 30, 2014, midwives, including nurse-midwife Tina Sunter, delivered Plaintiff's baby via natural birth.

29. Dr. Garner was not present at the birth.

30. No other doctors were present at the birth.

31. The midwives who supervised and carried out the delivery failed to notice or to perform tests to see that the baby should have been delivered differently.

32. The baby, S. H., was born with a shoulder injury, which has rendered her arm permanently unusable.

33. Plaintiff and her counsel hereby certify that a reasonable investigation has been conducted and believe in good faith that grounds exist for an action for medical malpractice against the Defendant.

34. Whenever in this complaint it is alleged that Defendant committed an act or omission, it is meant that Defendant's officers, agents, servants, employees, or representatives may have done such act or omission and that, at the time such act or omission occurred, it was with the full authorization or ratification of the Defendant or done in the normal and routine course and scope of employment of the officers, agents, servants,

employees, or representatives.

## COUNT I
## NEGLIGENCE

35. Plaintiff re-alleges paragraphs 1-34.

36. United States employee Dr. Garner undertook the care and treatment of Arnecia Santiago but failed to properly diagnose Arnecia Santiago's condition.

37. Dr. Garner also failed to properly diagnose baby S. H.'s condition.

38. Dr. Garner failed to perform appropriate diagnostic testing or exams on Arnecia Santiago or on the baby she was carrying.

39. Dr. Garner undertook the care and treatment of Arnecia Santiago but failed to take reasonable steps to prevent further deterioration of Arnecia Santiago's condition or S. H.'s condition.

40. Dr. Garner, by and through his actual and ostensible agents, employees, representatives, and borrowed servants, failed to use ordinary care in providing treatment for Arnecia Santiago and S. H..

41. Dr. Garner's level of care fell below what a reasonable and prudent health care provider of the same or similar level of certification would have employed under the same or similar circumstances by, among other acts and omissions, failing to develop, employ, monitor, and follow appropriate policies and procedures with regard to the assessment, treatment, management, and oversight of patients such as Arnecia Santiago and her baby, and by failing to train, employ, and provide appropriate personnel to carry out such policies and procedures.

42. Dr. Garner, individually or through his respective agents or employees, was negligent and failed to consult appropriate parties concerning the pregnancy of Arnecia Santiago.

43. Dr. Garner individually or through his agents or employees was negligent and failed to properly deliver S. H. in that he or they used improper techniques and excessive force in removing S. H. from the vaginal canal.

44. Dr. Garner and his agents or employees were negligent and failed to properly deliver via caesarian section given the condition and placement of S. H..

45. The above-mentioned acts and omissions constitute negligence and were a direct and proximate cause of injury to the Plaintiffs Arnecia Santiago and S. H..

46. Dr. Garner deviated from the accepted standard of care in that he failed to take proper precautionary actions in his prenatal care to Arnecia Santiago.

47. Because of the defendant's negligence, Plaintiffs Arnecia Santiago and S. H. have suffered substantial losses by virtue of the loss of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. They have suffered severe mental depression and anguish, grief, and sorrow. This has also resulted in the loss of earnings for Arnecia Santiago, as well as the ability to earn money and the capacity for enjoyment of life for both Arnecia Santiago and S. H..

48. The losses are either permanent or continuing and plaintiffs will suffer the losses in the future.

49. These damages were totally preventable and would not have occurred if defendant had exercised reasonable care.

WHEREFORE, Plaintiffs ARNECIA SANTIAGO and S. H. demand judgment for damages against Defendant UNITED STATES, including costs and such other relief the Court deems just.

### DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury on all issues triable by same.

JASON SCHWARTZ, ESQ.
JAMES J. ZONAS, ESQ.
ATTORNEYS FOR PLAINTIFFS
700 Second Avenue North
Suite 102
Naples, Florida  34102
Tel:  (239) 403-7427
Fax:  (239) 263-5498

By: /s/ Jason Schwartz
JASON SCHWARTZ
FBN: 0053557

By: /s/ James Zonas
JAMES J. ZONAS
FBN: 0100862